KUNKEL, Respondent, v. FARMERS' CO-OPERATIVE ELEVATOR CO., Appellant.

(228 N. W. 385.)

(File No. 6780. Opinion filed December 31, 1929.)

*A. B. Carlson* and *Claude A. Bennett,* both of Canton, for Appellant.

*Harry Grant,* of Sioux Falls, for Respondent.

POLLEY, J. The plaintiff leased a farm to one Vendel for the season of 1924. The lease was in writing and contained a chattel mortgage clause pledging the crops to be raised on said farm for the payment of the rent. After the crop was harvested Vendel sold a portion thereof to defendant, who, with knowledge of the chattel mortgage, and with knowledge of the fact that the rent was unpaid, paid the value of said crop to a bank who claimed that it had advanced money to Vendel with which to buy twine and

pay his thresh bill. This action was brought to recover the value of the grain so sold.

The case was tried to a jury. Verdict and judgment were for plaintiff, and defendant appeals.

■ Defendant admits buying the grain, but alleged that the grain in question was "released from the operation of any mortgage to the plaintiff, for the specific purpose of paying a certain twine bill, etc., contracted by the said Vendel for the purpose of harvesting his grain during the year 1924, raised on the premises belonging to the plaintiff."

As a second defense defendant alleges that prior to the commencement of this action plaintiff, "for a valuable consideration, through his attorney E. C. Sigler, waived and released any and all claims which he might have to the said $92.58 by reason of the alleged chattel mortgage of the said Kunkel on the grain which the said Kunkel claimed was sold by the said Vendel, from his premises, for the said sum of $92.58, which said sum of money this defendant paid to the First National Bank of Canton." Sigler positively denied ever making any such promise, and plaintiff denied ever authorizing any one to make any such promise.

These issues were fairly submitted to the jury, and, being issues of fact submitted on disputed testimony, the verdict of the jury is final.

■ Appellant predicates error upon a remark made by plaintiff's attorney during his opening statement to the jury. No objection was made to such statement at any time during the trial of the case, nor request made to the court to admonish the jury not to consider such remark during their deliberations on the case.

The judgment and order appealed from are affirmed.

SHERWOOD, P. J., and CAMPBELL, BURCH, and BROWN; JJ., concur.